NORTHERN PACIFIC RAILROAD COMPANY, Appellant, *v.* JACKMAN, Respondent.

**Estoppel — Use of Alternative Right — Parties.**

> Where a railroad company had been granted a right of way over the public lands of the United States, and, also, power to condemn such right over the lands of private parties, *held,* that where it had condemned a right of way over public land of which one was in possession under the pre-emption laws of the United States and had paid the money into court, for the owner, it could not, after the occupant had received his patent, contest his right to the money. *Held, also,* that the company was an improper party to a proceeding to get the money out of court.

(Argued and determined at the May Term, 1889.)

APPEAL from the district court, Burleigh county; Hon. RODERICK ROSE, Judge.

This was a proceeding to obtain certain money that had been paid into court in certain condemnation proceedings.

It appeared that in January, 1881, the appellant, the Northern Pacific Railroad Company, had condemned a right of way across certain land of which the respondent, John J. Jackman, was in possession; his right to the land, however, being contested at the time by other parties, the court ordered the amount of the award of the commissioners to be deposited in court to abide an order of payment. The money was deposited as directed and the matter so remained until the 13th of March, 1889, when, upon an affidavit of the respondent, filed in the condemnation proceeding, the court ordered the appellant among others to show cause why the money should not be paid to the respondent. Upon the hearing the court found the respondent was a person qualified to pre-empt land under the laws of the United States; that prior to the commencement of the condemnation proceedings he had entered upon the land and had paid the government price therefor; that on the 11th day of May, 1883, a patent was duly issued to him for the land; "that prior to the said [condemnation] proceedings the said railroad company had established the line of definite location of its said road past said land, and at a point southerly and at a point considerably distant therefrom." Upon these findings it ordered the money to be paid to the respondent, and the company appealed.

The act incorporating appellant and conferring the rights and powers referred to will be found in 13 U. S. Stat. 365.

*Hollembaek & Long,* for appellant. ·

By section 2, act of congress, July 2, 1864, appellant was given a right of way over this land that was superior to rights, respondent acquired under his subsequent settlement. St. Joseph & D. C. R. R. Co. v. Baldwin, 103 U. S. 426; 10 Copp's L. Laws, 74. This right could not be lost except by some clear and unequivocal act of the company showing its purpose to waive it. There was no definite location prior to the condemnation, as no map or plat had been filed with the commissioner of the general land office. Van Wyck v. Knevals, 106 U. S. 360; Waldron v. Knevals, 114 id. 373; Report, Commissioner General Land Office for the year 1888, p. 239; City v. Hackett, 2 Copp's L. Laws, 1296.

Appellant is not estopped to claim the money paid into court. Bigelow, Estop. (4th ed.) 48; Estate of Holbert, 57 Cal. 257; Hawkes v. Truesdell, 99 Mass. 557; Burlen v. Shannon, id. 200; Webb v. Buckalew, 82 N. Y. 555; Leonard v. Barker, 5 Den. 220; McLaughlin v. McGee, 79 Pa. St. 217; Hooker v. Hubbard, 102 Mass. 245; Brant v. Virginia C. & I. Co., 93 U. S. 326; 1 Story, Eq. 391.

*George W. Newton,* for respondent.

The grant referred to was of one right of way only and it became exhausted on the location of the line which took place prior to the condemnation. A. F. & P. C. R. R. Co. v. City, 66 Mo. 228; Attorney-General v. W. W. R. R. Co., 36 Wis. 466; Brigham v. A. B. R. R. Co., 1 Allen, 316; Pierce, 254.

Appellant acquired its right in this case under section 7 of the act, and having two ways of acquiring the property, it is bound by the one it selected. Sedg. St. & C. L. 86; Morrison v. Underwood, 5 Cush. 52; City v. Fregschlag, 56 Cal. 8; City v. Reed, 65 id. 241; Burman v. Van Buren, 44 Mich. 496; Thompson v. Howard, 31 id. 309; Smith v. Hudson, 4 T. R. 211; Birch v. Wright, 1 id. 378; Nield v. Burton, 49 Mich. 53; Carnihan v. Thompson, 111 Mass. 270; Andrews v. Ætna Ins. Co., 92 N. Y.

596; Noe v. Splinola, 54 Cal. 207; Smith v. Cramer, 39 Ia. 413; Haswell v. Vt. C. R. R. Co., 23 Vt. 228; 27 id. 100; id. 500.

By the COURT:

The judgment is affirmed, the court being of opinion that the railroad company having proceeded to condemn the premises under the statute, and having paid into court for the owner the amount of the award of the commissioners, it cannot in this manner be heard to contest the validity of such award, and is not a proper party to this proceeding. All concur excepting ROSE, J., not sitting.